CARNES, Circuit Judge,
concurring specially:
I concur in this Court’s affirmance of the district court’s denial of the 28 U.S.C. § 2254 petition and dismissal of the case with prejudice on procedural bar grounds, and I agree with almost all of the Court’s discussion. The reason I cannot join in the opinion without reservation is that some of its discussion seems to me to confuse the doctrines of exhaustion of state remedies and procedural bar.
Of course, those two doctrines are related. They are related in the sense that if it is futile for a petitioner to return to state court because previous procedural defaults there will bar any relief, that futility is an “exception” to the exhaustion of state remedies requirement. We call the futility *1307 rule an “exception” to the exhaustion requirement, but in reality it is just a recognition that when there is a procedural bar that would prevent a state court from granting relief on a claim, even if that claim is meritorious, there is no effective state remedy left for the petitioner to exhaust. That is what we have in this case, so the exhaustion doctrine is not applicable.
If the exhaustion doctrine were applicable, the proper result would be dismissal of the case without prejudice in order to require the petitioner to seek relief by pursuing his remaining state court remedies. The dismissal would be without prejudice, because if the petitioner were unsuccessful with his state remedies, he could return to federal court with his claims. Instead of dismissing the case without prejudice, the district court in this case denied the habe-as petition and dismissed the case with prejudice. That disposition is the correct one where a petitioner has no effective state remedies left to exhaust and the district court concludes his claims are either meritless or, as in this case, procedurally barred.
Unfortunately, this Court’s opinion blurs the distinction between and confuses the doctrines of procedural bar and exhaustion. Consider, for example, the statement that: “if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state law procedural default, the federal court may foreclose the petitioner’s filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.” Op. at 1303. That and other statements in the opinion at least imply that the result in this case is based in part on the exhaustion requirement. It is not. The petitioner has no effective state court remedies left to exhaust. His claims were all procedurally defaulted in one or another state court proceeding, and accordingly, they are procedurally barred from consideration in federal court. This is a procedural bar case, not an exhaustion of state remedies case. The result in this case would have been the same if there were no exhaustion of state remedies doctrine.